THE MARION MANUFACTURING COMPANY *v.* HARDING.

[No. 18,780. Filed Oct. 11, 1900. Rehearing denied Dec. 20, 1900.]

SALES.—*Warranty.*—*Action for Purchase Price of Machinery.*—Where the seller of threshing machinery agreed with the purchaser that if the machinery did not do good work after a fair trial he would take it back and surrender the notes, and the machinery after a fair trial failed to do good work, the seller cannot maintain an action on the notes. *pp. 649, 650.*

SPECIAL FINDING.—*Harmless Error.*—In an action on promissory notes given for the purchase price of machinery in which it was determined that plaintiff take nothing by the action, a conclusion of law that defendant was entitled to a cancelation of the notes and a release of the mortgage was not reversible error because of the fact that no cross-complaint was filed asking for their cancelation, since plaintiff was not harmed by being compelled to surrender notes which could not be enforced. *pp. 650, 651.*

Marion Mfg. Co. v. Harding.

PRACTICE.—*Special Finding.—Amendment.*—The court may amend the special finding of facts during the term in which the judgment was rendered and after overruling a motion for a new trial.  *p. 651.*
PRINCIPAL AND AGENT.—*Notice.*—Notice to an agent is notice to the principal of any matter that is within the scope of the agency.  *pp. 651, 652.*

From the Marion Superior Court.  *Affirmed.*

*H. S. McMichael* and *W. R. Clarke,* for appellant.
*W. N. Harding* and *A. R. Hovey,* for appellee.

BAKER, C. J.—Appellant unsuccessfully sought to recover on notes and to foreclose a chattel mortgage executed by appellee.  The assignments are that the court erred (1) in overruling the demurrer to the answer, (2) in stating conclusions of law on the special findings of fact, (3) in setting aside its judgment and making additional findings of fact, and (4) in overruling the motion for a new trial.

The answer admits the execution of the notes and mortgage.  In avoidance of appellant's right of recovery, appellee set up the following facts:  The notes and mortgage were executed on June 16, 1896, to evidence and secure the payment of the purchase price of threshing machinery sold that day by appellant, a corporation of Marion, Ohio, to appellee in Marion county, Indiana.  On May 9, 1896, appellee signed a written order for the machinery.  The order was made out on a printed blank at appellant's agency at Indianapolis, Indiana.  The order contained specific warranties of the machinery, which were to be binding on appellant if the order was accepted by the home office; stipulated that no other warranty would be recognized; and provided that the purchaser forfeited all claims under the warranty by failing to give immediate notice of defects by registered letter to appellant at Marion, Ohio.  On May 12, 1896, before appellant accepted the order, appellee countermanded it and notified appellant that he would not take the machinery.  On June 4, 1896, appellant notified appellee that if he would take the machinery he could transact all

business in relation to the purchase and warranty of the machinery directly with appellant's Indianapolis agency, orally represented that the machinery was of good material and workmanship and would thresh from 1,500 to 3,000 bushels of grain per day, and offered, if the machinery did not do good work after a fair trial, to take it back and surrender the notes which were to be given for the purchase price. On June 16, 1896, appellee accepted the machinery under the foregoing offer and executed the notes and mortgage in suit. Appellee performed all the conditions of the contract on his part. But the machinery was of poor material and workmanship, and was defective (in many particulars elaborately specified in the answer). Appellant kept endeavoring to overcome the defects during the threshing season of 1896, urged appellee to try the machine further in 1897, and promised to make it do good work or take it back. But appellant totally failed to put the machinery in condition to do good work. During the summer of 1897 appellee several times offered to return the machinery, but appellant insisted on appellee's keeping it and trying it further. Finally, on October 8, 1897, appellee shipped the machinery to appellant at Marion, Ohio, and demanded the return of his notes.

The answer is voluminous and somewhat confused in structure; but the foregoing epitome exhibits the material and controlling facts. The answer was a complete bar. Appellant could not maintain its suit for the purchase price of machinery which it agreed to take back if the machinery, after a fair trial, would not do good work,—if appellee did give the machinery a fair trial and it then failed to do good work. *McCormick, etc., Co.* v. *Hays*, 89 Ind. 582; *McCormick, etc., Co.* v. *Gray*, 100 Ind. 285; *National Bank, etc., Co.* v. *Dunn*, 106 Ind. 110; *Seiberling & Co.* v. *Newlon*, 16 Ind. App. 374; *Champion Machine Co.* v. *Mann*, 42 Kan. 372, 22 Pac. 417.

The special findings of fact fully cover all the material

averments of the answer.   The conclusions of law that appellant take nothing by its suit, and that the machinery is the property of appellant, are inevitable.   If the conclusion that appellee is entitled to a cancelation of the notes and a release of the chattel mortgage is erroneous because no cross-complaint was filed (and a single pleading can not be both an answer and a cross-complaint), appellant is not harmed by being compelled to surrender notes it can not enforce.

The special findings of fact and conclusions of law were filed June 29, 1898.   On July 1, 1898, appellant filed a motion for a new trial, which was at once overruled, seventy days' time was given for filing bills of exceptions, and judgment for appellee was entered.   On July 2, 1898, the court set aside the entry of July 1st, and added to the finding certain facts which were in evidence but were not included in the finding filed June 29th.   Appellant filed a motion for a new trial, which was overruled, time was given for filing bills of exceptions, and judgment was again entered.   These proceedings were all had at the same term.   The cause was *in fieri,* and the court was authorized to amend the finding so that it should include all the material facts that the court believed to have been proved.   *Thompson* v. *Connecticut, etc., Ins. Co.,* 139 Ind. 325; *Jones* v. *Mayne,* 154 Ind. 400.

It is contended that the finding of the court was contrary to law and not sustained by sufficient evidence.   There was evidence tending to prove all the material facts found by the court.   One Newby, as shown by the evidence, was appellant's state agent in charge of its office at Indianapolis.   He was appellant's agent to sell machinery and his powers were general.   He sold appellee the machinery upon a warranty, and the sale was not complete until the machinery was made to comply with the warranty.   What the agent did in remedying the defects in the machinery was in the line of perfecting the sale, and within the scope of the agency.   *Springfield, etc., Co.* v. *Kennedy,* 7 Ind. App. 502; *Port Huron, etc., Co.* v. *Smith,* 21 Ind. App. 233.   It is a well settled

rule that notice to an agent is notice to the principal of any matter that is within the scope of the agency. *Pittsburgh, etc., Co.* v. *Ruby*, 38 Ind. 294, 10 Am. Rep. 111; *Phoenix, etc., Ins. Co.* v. *Hinesley*, 75 Ind. 1; *North British, etc., Co.* v. *Crutchfield*, 108 Ind. 518; *Indiana, etc., R. Co.* v. *Snyder*, 140 Ind. 647; *Springfield, etc., Co.* v. *Kennedy*, 7 Ind. App. 502; *Port Huron, etc., Co.* v. *Smith*, 21 Ind. App. 233.

A question is made in the briefs concerning the earnings of the machine while in appellee's possession. That is outside the issues.

Judgment affirmed.