## WHITCOMB v. STRINGER, RECEIVER.

[No. 19,700. Filed February 17, 1903.]

RECEIVERS.—*Intervening Petition.*—*Answer of Set-off.*—*Dismissal of Petition.*—A trial on an intervening petition against the receiver of a building and loan association progressed to the conclusion of the evidence under an issue and agreement that permitted the giving in evidence by the receiver, as a defense, of all proper matters of set-off, but would not support a judgment over against petitioner, when the court, on its own motion, arrested the progress of the trial, and ordered the receiver to file an additional pleading in set-off, and granted an adjournment for that purpose. After adjournment, petitioner's attorney gave notice to the judge and attorneys for the receiver that he desired to file a written dismissal of his intervening petition, and, with the approval of the attorneys, agreed to meet in the court room in the afternoon of the same day and take the matter up. Upon the convening of court the receiver's attorney filed the set-off, as directed, asking affirmative relief, and the petitioner's attorney filed his motion to dismiss, which was sustained. *Held,* that the court did not err in refusing to permit petitioner to dismiss before permitting the receiver to file the answer. *pp. 87-89.*

SAME.—*Intervening Petition.*—*Trial.*—*Pleading.*—*Amendment.*—No error was committed by the court in the trial of an action on an intervening petition in a receivership in directing the receiver at the conclusion of the evidence, under the answer of general denial, to file an additional answer of set-off. *pp. 89, 90.*

SAME.—*Pleading.*—*Amendment.*—*Change of Venue.*—Where the court at the conclusion of the evidence of petitioner, in an action in a receivership case, permitted the receiver to file an answer of set-off, it was not error to deny a jury trial and a change of venue from

Whitcomb v. Stringer.

the judge, the trial having been in progress for more than thirty days and there being no new issue introduced by the additional answer.  p. 90.

QUERY.—*Receivers.*—*Change from Judge.*—Is an intervening petitioner in a receivership entitled to a change from the judge?  p. 90.

TRIAL.—*Remittitur.*—*Judgment.*—Where in a trial by the court a general finding for a certain amount was made, it was not error to grant a remittitur of a part of the finding and render a judgment for the remainder pending a motion for a new trial.  pp. 90, 91.

PLEADING.—*Demand.*—*Appeal and Error.*—An averment in answer to an action against the receiver of a building and loan association that petitioner as secretary of the association collected and received a large sum of money belonging to the association which he failed and refused to account for, or to pay over to the association or the receiver, implies a demand, and is sufficiently certain when attacked for the first time in the Supreme Court.  p. 91.

From the Superior Court of Marion County; *Vinson Carter*, Judge.

Intervening petition by Theodore C. Whitcomb against William H. Stringer as receiver of the Eureka Savings & Loan Association. From a judgment in favor of defendant, plaintiff appeals. Appealed from the Appellate Court, under clause 3 of §1337j Burns 1901.  *Affirmed.*

*W. A. Ketcham* and *F. W. Cady*, for appellant.
*R. O. Hawkins* and *H. E. Smith*, for appellee.

HADLEY, C. J.—Appellee having been previously appointed receiver of the Eureka Savings & Loan Association, appellant filed in the receivership an intervening petition for the recovery as a creditor for sums of money loaned the association, and as a stockholder to recover the withdrawal value of stock owned by him. Appellee answered the intervening petition by a general denial. On the 3d day of February, 1900, the case was called for trial before the court upon issues joined by the general denial, and before any evidence was heard it was agreed in open court, and made a part of the record, that all matters of set-off and counterclaim might be given in evidence as a defense under the general denial. The trial then proceeded and

continued from day to day, including certain adjourn-
ments, until the 8th day of March, 1900, at about the hour
of 9:30 o'clock a. m., at which time the evidence in the
cause was concluded. Whereupon the court of its own
motion announced that, in view of the evidence that had
been produced, he deemed it a duty and did therefore direct
the receiver to file an answer of set-off or counterclaim,
based upon the statement of items in his report, asking a
judgment over against the appellant, and to enable the
latter to procure any further testimony, and to prepare and
present his defense to said answer of set-off and counter-
claim, the further hearing was postponed until the 26th day
of March, 1900, at 9 o'clock a. m. The cause being
postponed, the parties and their attorneys retired from the
court room at about 10 o'clock a. m. One hour and a half
later, or at about 11:30 o'clock a. m. of said 8th day of
March, appellant's attorney returned to the court room.
Prior to his return, the court had concluded its business for
the morning session, and the judge had left the bench, and
retired to his private room adjoining the court room, and
was there engaged at work in chambers. Appellant's attor-
ney entered said private room, and addressing the judge
informed him that he desired to file in court a written dis-
missal of the intervening petition, and that the paper
which he (the attorney) held in his hand was such written
dismissal; whereupon the judge requested the attorney to
call up the attorneys for the receiver, and request them to
come to the court room, and indicate whether or not they
had any objection to the proposed dismissal. Having done
as requested, appellant's attorney informed the judge that
he had talked with one of the receiver's counsel, who ex-
pressed the desire to confer with his partner before answer-
ing as to the proposed dismissal, and stating that he would
have such conference and appear in the court room at 2
o'clock p. m. Upon this information the judge directed
said attorney to be at the court room at 2 o'clock, when

Whitcomb *v.* Stringer.

the matter would be taken up.   Thereafter, and between the hours of 12 o'clock noon and 2 o'clock p. m., the attorneys for the receiver filed with the deputy clerk an answer of set-off and counterclaim, requesting a judgment over against appellant.  When this answer was filed with the deputy clerk the court was not in session; neither was the judge nor appellant, nor anyone representing the appellant, present; neither had appellant nor his attorney received notice that such answer would be filed on that day.  A few minutes before 2 o'clock the attorneys of both parties assembled in the court room, and, while awaiting the arrival of the judge, appellant's attorney exhibited the prepared dismissal to the attorneys for the receiver, and immediately upon the resumption of the bench by the judge, an attorney for the receiver, addressing the court, announced that they had filed with the clerk the answer of set-off and counterclaim as directed, and asked leave to file the same in court; whereupon appellant promptly objected to the filing of such answer, upon the ground that he had dismissed his intervening petition at the morning session of the court, of which both court and counsel for the receiver had actual notice. The court overruled appellant's objection, permitted the answer to be filed, noted the filing thereof in the issue docket, and immediately thereafter entered in said docket appellant's motion to dismiss, an order of dismissal of appellant's intervening petition, and then an order requiring appellant to reply to the answer by 9 o'clock March 26.  April 18, appellant filed a reply.  April 25, he offered to file a motion and affidavit for a change of venue from the judge, and this being refused, on the ground that the motion came too late, he thereupon offered to file his written request for a trial by jury, which was also refused upon the same grounds.  Trial resumed, additional evidence given, and a finding in favor of the receiver for $12,092.  Motion for a new trial and in arrest of judgment overruled.  Pending the motion for a new trial, and in consideration

thereof, the receiver, upon suggestion of the court, remitted from the amount of the finding $2,453; whereupon the court overruled the motion for a new trial, and rendered judgment against appellant for $9,639, the residue. Exceptions were promptly reserved upon all adverse rulings.

The propositions of alleged error are: (1) In refusing to permit appellant to dismiss his intervening petition before permitting appellee to file his set-off and counterclaim; (2) in permitting appellee to file his set-off and counterclaim after appellant had presented to the court a written dismissal of his intervening petition, and given notice to the court and counsel for appellee of his intention and desire to dismiss; (3) in refusing appellant a trial by jury; (4) in refusing appellant a change of venue from the judge; (5) in overruling the motion for a new trial; (6) in suggesting and permitting a remittitur of $2,453; and (7) in overruling the motion in arrest of judgment.

The facts involved in the first two of the above propositions may be more concretely stated thus: The trial of the case having progressed to the conclusion of the evidence under an issue and agreement that permitted the giving in evidence by appellee, as a defense, of all proper matters of set-off, but would not support a judgment over against appellant, the court, of its own motion, arrested the progress of the trial, and ordered its receiver (appellee) to file an additional pleading in set-off, demanding therein a judgment against appellant. An hour and a half later, and after the court had finished its business for the forenoon session, and the judge had left the bench and retired from the court room, appellant gave notice to the judge and attorneys for appellee that he had prepared and desired to file a written dismissal of his intervening petition; and, with the knowledge and approval of the judge, the attorneys agreed to meet in the court room at 2 o'clock and take the matter up. They did meet, pursuant to the arrangement, and after the judge had taken the bench appellee's attor-

Whitcomb *v.* Stringer.

ney, addressing the court, asked leave to file the answer of set-off he had been directed to file. After the filing of the answer asking affirmative relief against appellant, the latter presented to the court his motion to dismiss, which was sustained, and his intervening petition dismissed. Thereafter he was ruled by the court to reply to appellee's answer of set-off.

Under the code, a plaintiff may dismiss his action without prejudice at any time before the jury retires, or, when the trial is by the court, at any time before the finding of the court is announced. §336 Burns 1901. But in a case where a set-off has been presented, which in another action would entitle the defendant to a judgment against the plaintiff, the defendant shall have the right of proceeding to the trial of the claim, without notice, although the plaintiff may have dismissed his action. §356 Burns 1901. And it is further provided that if a set-off established at the trial shall exceed the plaintiff's claim so established, judgment shall be rendered for the excess. §580 Burns 1901.

1. The controlling question under these statutes is, was appellant's intervening petition a pending cause when appellee offered to and did file his answer of set-off and counterclaim? If it was, then the court did not err in refusing to permit appellant to dismiss before permitting appellee to file his answer. The cause was pending, unless it can be said that the preparation of a written dismissal, and notice to the court and opposing counsel of an intention and desire to file it, operated as a dismissal. The announcement of a desire to dismiss was not made by the court, but to the judge after the court had arisen for dinner and the judge had retired to his chambers. What occurred, therefore, during the noon recess, was not enacted before the court, or in pursuance of a statute or rule of the court, so far as appears.

It will not do to say that notice of intention to do a thing is equivalent to the thing done. Nor will it be

claimed that appellant's notice to the judge and opposing attorneys so far concluded him that he had no power to recede or decline to dismiss his cause upon the reassembling of court after dinner. And if the declaration to dismiss was not binding upon appellant, we see no reason for holding that it was binding on others, or that it gave him any preferential right to claim the court's attention after noon. What was done and said by appellant and others during the noon adjournment, being out of and independent of the court, had no legal effect upon the rights of the respective litigants. It was a race of diligence with counsel, in which the information received by appellee's attorneys as to appellant's intention, coming unsought, and received without promises, can not be adjudged as impairing appellee's equal right to act with promptness upon the return of the court. Upon the judge resuming the bench at the appointed hour, appellee's attorney, in the regular course, with alertness, but without unseemly haste, so far as appears, addressed the court, and tendered the answer he had been directed by the court to file. When the proceeding opened there was no motion or request by appellant to dismiss his intervening petition pending before the court, and so far as appeared of record, and so far as the court at that moment knew, no such motion or action was extended. What else then could the court do but take notice of the presentation of the answer? If the right to have his answer filed existed at the time it was presented, the subsequent objection of appellant would not defeat that right. The filing of the answer was timely and orderly, and when appellant presented to the court his motion and request to dismiss there was then on file an answer of set-off and counterclaim which entitled the defendant to recover of appellant a judgment in another action, and which, under §356, *supra,* could not be abated by a dismissal of the original intervening petition. We must, therefore, hold that the court did not err in permitting appellee to file his answer before appel-

lant presented his written dismissal, and did not err in refusing to permit appellant to dismiss his action before permitting appellee to file his set-off.

2. It was not error in the court, at the conclusion of the evidence under the answer of general denial, to direct its receiver to file an additional answer of set-off. It was said by this court in *Levy* v. *Chittenden,* 120 Ind. 37: "That justice may be done between parties, our code is very liberal in its provisions with reference to amendments, and the *nisi prius* courts are given a wide discretion in this regard. Before entering upon the trial of a cause the trial court may grant permission to the parties to amend their pleadings to almost any extent. After the trial is entered upon, and even after the cause has been finally submitted to the court or jury trying the cause, it is not error to allow amendments to conform the pleadings to the evidence, where there is no change made in the nature of the cause of action or defense. *Durham* y. *Fechheimer,* 67 Ind. 35; *Child* v. *Swain,* 69 Ind. 230; *Town of Martinsville* v. *Shirley,* 84 Ind. 546; *Darrell* v. *Hilligoss, etc., Co.,* 90 Ind. 264; *Burns* v. *Fox,* 113 Ind. 205." See, also, *Stanton* v. *Kenrick,* 135 Ind. 382.

The controversy here is over the assets of an insolvent corporation. The property and affairs of the concern were in the custody of the court for administration, and appellee was the court's receiver—its agent—its hand, to carry forward the just settlement of the company's business. The matters of set-off admissible in evidence by agreement, under the general denial, embraced more than 200 items of cash, alleged to have been received by appellant for the use of the loan association while he was its secretary, and not accounted for, which items were all set forth in the receiver's report. The set-off directed by the court, and in fact filed in pursuance thereof, was founded on precisely the same items, and no others. The new answer did not change the nature of the action or defense, and did not enlarge or

restrict the scope of the evidence. Its only effect was to change the form of the issue so as to remove the limitation set up by the agreement, and to authorize the court, in the rendition of its judgment, to go beyond the defense, and give judgment over against the plaintiff. Under the facts, therefore, the court had the undoubted right to require its receiver so to amend the issue, in conformity to the evidence, as would enable it to render such a judgment as the proof showed the trust was entitled to recover.

3. The trial had been in progress for more than thirty days, and there being no new issue, or new questions of fact introduced by the additional answer, the court very properly ruled that it was too late to ask for a trial by jury, or for a change of venue from the judge. Besides, if these motions had been timely presented, it may well be doubted that appellant was entitled to either a jury trial or a change of venue from the judge. It is a familiar doctrine that when equity takes jurisdiction it will hold it for all purposes of the case; and the administration of an insolvent trust is so peculiarly and exclusively under the supervision of the chancellor that a settlement of rights and equities thereunder by piecemeal and by different judges would seem to lead to confusion and inequalities, and to fall within that class of cases in which a change from the judge is denied. For instance, an application to remove an administrator. See *Bowen* v. *Stewart,* 128 Ind. 507. But these latter questions are not necessary to a disposition of the case, and we do not decide them.

4. In a general finding, the court found against appellant in the sum of $12,092. Pending a motion for a new trial, and in the consideration thereof, upon the suggestion of the court, appellee remitted $2,453 of the amount found in his favor, and the court rendered judgment against appellant for $9,639, the residue.

It is insisted that after the court had announced and entered its finding such finding stood as a verdict of the

jury, and that the court's power over it was at an end, except upon a motion for a new trial.   This is not in accordance with the recent decisions of this court.   A trial judge may in all cases amend his special findings of fact and conclusions of law at any time before final judgment, and during the period within which a bill of exceptions containing the evidence may be filed.   *Thompson* v. *Connecticut, etc., Ins. Co.,* 139 Ind. 325; *Royse* v. *Bourne,* 149 Ind. 187; *Jones* v. *Mayne,* 154 Ind. 400; *Marion Mfg. Co.* v. *Harding,* 155 Ind. 648.   For the same reasons, and within the same limitations, the court may amend or modify its general finding, if convinced that it is incorrect.   Moreover, it would be a novel ruling to hold that an act so beneficial to a litigant as a remittitur of one-fifth of the finding against him is a sufficient reason for granting the beneficiary a new trial.

5.   It is argued that the motion in arrest of judgment should have been sustained, because the complaint was insufficient to sustain the finding and judgment for want of an allegation of demand.   It was averred in the set-off that appellant, as the secretary of the loan association, collected and received a large sum of money belonging to said association,—a bill of particulars of which is exhibited and filed, —which sum of money he has failed and refused to account for, or to pay over to the said association or the receiver, etc.

The averment that appellant collected money belonging to appellees, which he failed and refused to account for or pay over, necessarily implies a demand.   For there could be no refusal without a demand.   *Snyder* v. *Baber,* 74 Ind. 47.   At most, the averments are sufficiently certain when attacked for the first time in this court.

We find no error in the record.   Judgment affirmed.