STATE EX REL: GEORGE, ETC. *v*. DEAN, SPECIAL JUDGE.

[No. 26,632. Filed December 19, 1935.]

*Weiss & Weiss* and *Sidney Seligman,* for appellant.

*Russell J. Dean,* for appellee.

TREANOR, J.—The above named relator has petitioned this court to issue its writ of mandamus directing and compelling respondent to set aside his ruling denying relator's motion for a change of judge, and to grant said motion, for the hearing upon exceptions filed by Shena Yanakeff, Administratrix of the Estate of Tushy Yanakeff, to the amended final report of relator, as surviving partner, in the matter of the Surviving Partnership of Tushy Yanakeff, deceased.

It appears from relator's petition that respondent was appointed and qualified as special judge of Probate Court on May 2, 1935, for the purpose of hearing and determining the issues raised by exceptions filed by Shena Yanakeff, as administratrix of the estate of Tushy Yanakeff, deceased, to relator's final report. It also appears that upon that date, May 2, 1935, by agreement of the parties, the court ordered relator to file an amended final report;

that pursuant to such order relator filed his amended final report on May 24, 1935, and on May 29, Shena Yanakeff, as such administratrix, filed exceptions to relator's amended final report. On September 24 relator filed his affidavit and motion for change of judge from respondent on account of bias and prejudice of respondent.

It further appears, from the response made to the alternative writ of mandamus issued from this court upon relator's showing, that the respondent was appointed and qualified as special judge on May 2, 1935; that on this date the cause involving the issues raised by the exceptions to the final report was submitted to respondent, as special judge; that evidence was heard, and that, thereupon, by agreement of the parties, the court ordered relator to file an amended report.

In his reply to the response of Russell J. Dean, as special judge, relator says that the respondent did not hear evidence on relator's original final report; and that the Marion Probate Court's order book entry under date of May 2, 1935, a certified copy of which accompanied the response filed herein, was typewritten in the place of the original entry which appeared in the order book at the time relator's petition for mandate was filed in this court; that this original entry did not recite that the cause had been submitted and evidence heard; and that this original entry had been erased after relator's petition to this court for a writ of mandamus had been filed.

A serious situation is suggested by relator's reply because it in effect alleges that the record contained in the court's order book was altered and changed after relator filed his petition in this court, and does not state correctly the proceedings had in the matter pending on May 2, 1935. But in determining whether or not relator is entitled to a writ of mandamus compelling respondent to grant a change of judge, we must assume that the certified copy of the order book entry of the Pro-

bate Court of Marion County contains a correct record of the proceedings had upon relator's final report on May 2, 1935.

Relator cites a number of Indiana cases which hold in effect that this court, upon appeal, will not review a trial court's ruling upon a pleading if such pleading has been superseded by an amended pleading; and that the filing of the amended pleading takes the original pleading, with the rulings thereon, out of the record the same as if it had never been filed.[1] We recognize the soundness of the rule established by those cases, but we do not believe that it is decisive of the question involved in this action. From the trial court's record, as brought to the attention of this court, it appears that issues were formed by a final report and exceptions thereto; that the cause involving such issues was submitted and evidence was heard. It does not appear that the submission was withdrawn or set aside. An amended final report was filed, and exceptions to the amended report were filed by the same party who excepted to the original report. It does not follow that any issue was formed by the filing of the amended report and the exceptions to it which was not involved in the trial begun at the time of the submission of the cause. Relator has not set out the original and amended reports nor the exceptions to each. It is entirely conceivable that the filing of the amended report, and exceptions to it, may have been simply for the purpose of conforming the issues to the trial had pursuant to the submission of the cause on May 2nd. In that event, the filing of the amended report and exceptions would not entitle the parties to another trial of the cause, and therefore, neither party would be entitled to a change of judge.

It is well settled that when a proper affidavit has been

1. *Weaver* v. *Apple* (1897), 147 Ind. 304, 46 N. E. 642, and cases there cited.

made and filed in proper time, assigning statutory grounds for a change of judge, the trial court has no discretion in the matter but must grant a change of judge.[2] But it is not error to refuse to grant a motion for change of judge made during the progress of a trial when the motion alleges merely the party's conclusion that he cannot have a fair and impartial trial on account of the bias and prejudice of the judge.[3]

Assuming, as we must, that the cause involving the issues raised by the exceptions to the final report was submitted to the respondent as special judge on May 2, 1935; and that evidence was heard, it was too late to secure a change of judge thereafter by a motion which alleged merely the respondent's conclusion that the relator could not have a fair and impartial trial on account of the bias and prejudice of the judge.[4] It is true that, by agreement of parties, an amended final report was filed by order of the court and that exceptions were filed thereto. And relator urges that any further proceedings would constitute a new hearing. But, as indicated above, we do not believe that relator's petition and reply are sufficient to justify the conclusion that any

2. *State ex rel. Van Horne* v. *Sullivan* (1934), 206 Ind. 304, 188 N. E. 672, and cases there cited.

3. *Thorn* v. *Silver* (1910), 174 Ind. 504, 89 N. E. 943.

4. "True, every party is entitled to an unbiased and unprejudiced trier of fact and law, and the presumption is that a judge who acts in a cause is unbiased and unprejudiced. On discovery of a condition, or a state of facts on a trial, which render it manifestly improper for a judge to act, the submission should be set aside on his own motion and the change made. If this is not voluntarily done, a showing should be made that cannot be ignored. But it should be more than a mental conclusion of a party on such an abstract question as bias and prejudice, stated in the language of the statute. It could not, in reason, be required that the application should be made before discovery. If the discovery of bias or prejudice arises during trial, because of a supposed extreme or adverse ruling, and a party should be so impressed as to feel justified in making the affidavit, the progress of the trial courts might be arrested at any stage. It is useless to argue the evils of such a rule. We think the trial court did not err in refusing a change of judge under the facts ..." *Thorn* v. *Silver, supra* (p. 511).

new issues are raised by the filing of the exceptions to the amended final report.[5]

The alternative writ of mandamus heretofore issued is discharged and the petition is denied.

---

5. In the case of *Whitcomb* v. *Stringer* (1903), 160 Ind. 82, 66 N. E. 443, the trial court, at the conclusion of the evidence, directed the defendant, a receiver, to file an answer by way of set off, upon which issued evidence had been received by agreement, under an answer of general denial. This court, on appeal, said: "The new answer did not change the nature of the action or defense, and did not enlarge or restrict the scope of the evidence. Its only effect was to change the form of the issue so as to remove the limitation set up by the agreement, and to authorize the court, in the rendition of its judgment to go beyond the defense, and give judgment over against the plaintiff. Under the facts, therefore, the court had the undoubted right to require its receiver so to amend the issue, in conformity to the evidence, as would enable it to render such a judgment as the proof showed the trust was entitled to recover.

"The trial had been in progress more than 30 days, and there being no new issue, or new questions of fact introduced by the additional answer, the court very properly ruled that it was too late to ask for a trial by jury, or for a change of venue from the judge."