STATE EX REL. DOYLE *v.* GONAS, JUDGE.

[No. 28,800.  Filed June 20, 1951.]

*Albert L. Doyle,* of Mishawaka, for relator.

*John S. Gonas, pro se; Harry Taylor;* and *Scheer & Scheer,* all of South Bend, for respondent.

DRAPER, C. J.—On May 4, 1942, Floyd J. Manwarren was appointed administrator of the estate of Margaret Ellen Manwarren, deceased. He was removed on November 18, 1947, and on August 13, 1948, he filed in the Probate Court of St. Joseph County his final report. Clifford Doyle, the relator herein, filed exceptions thereto, and following a hearing the court made special findings of fact and stated conclusions of law thereon; disapproved the final report, and ordered the former administrator to file an amended final report within 30 days. Said amended final report was later filed and thereupon the relator filed exceptions to the amended final report and also filed an affidavit for change of judge. The application for change of judge was denied. On May 23, 1951, the relator filed his verified petition for writ of mandate requesting this court to direct the respondent to grant said change of judge. We issued an alternative writ of mandate.

The final report first filed made no mention of a certain grocery store known as "Manwarren's Grocery," which was located in the City of South Bend. The exceptions to the original report recited that at the time of decedent's death she owned and operated that store, and that ever since her death the said former administrator had been operating said business in his own name without any authority so to do, and had made no accounting for the receipts of said business which belonged to the decedent.

The court found that at the time of her death said decedent did in fact own and operate the grocery business; that the former administrator continued to operate said business as administrator without order or authority of any court of competent jurisdiction; that said business was and always had been an asset of the estate of said decedent; that the final report was insufficient in that it failed to include said business as an asset of said estate; but that said administrator had acted in good faith in continuing said business under the belief that he was the owner thereof. The court further found that the total gross receipts from the operation of the business by the former administrator were $165,066.62, the total expenditures were $153,130.10, and the gross profits for said period were $11,936.52; that the regular scale of wages for services such as the administrator furnished in operating the store ranged from $35 to $75 per week, and that the administrator took out $20 per week for groceries during that time. The court concluded that the final report should be disapproved and disallowed; that the former administrator should file an amended final report as provided by law; that he must account for the proceeds of the operation of said business; and that in determining the net profit there should be deducted

from the gross receipts as found the sum of $11,250 as wages and compensation to the former administrator for the operation of the store from the day of decedent's death to the time of trial, that being the period during which he operated it.

The amended final report showed that there was due to the estate from the former administrator, "in accordance with special findings of fact and conclusions of law in the trial on objections to the original final report" the sum of $682.56, and it further appears from the report that the former administrator had turned over to the present administrator the stock of merchandise in said store as of the date of the trial on the original final report.

Burns' 1946 Replacement, § 2-1403 provides in part, as follows:

> "In any action, proceeding, or matter, of any character or nature whatever, relating to, connected with or involving the estate of a decedent in any manner whatever, any of the parties thereto shall be entitled to change of judge or a change of venue from the county for the same reasons, and upon the same terms and conditions, upon which there may be a change of judge or a change of venue from the county on any civil action. . . ."

It is this statute upon which relator relies.

The respondent, on the other hand, relies on *State ex rel. George, Etc.* v. *Dean, Special Judge* (1935), 209 Ind. 276, 198 N. E. 792, as authorizing the refusal of the change of judge. In that case the relator filed his final report as surviving partner in the matter of the Surviving Partnership of Tushy Yanakeff, deceased. Exceptions were filed to that report by Shana Yanakeff, as administratrix of the estate of Tushy Yanakeff. The cause involving the issues thus raised

was submitted to the court and evidence was heard, and then by agreement of the parties, the court ordered the relator to file an amended final report. The relator later filed the amended final report. Shana Yanakeff, Administratrix, filed exceptions thereto, and the relator filed his affidavit and motion for change of judge.

In that case the record did not show the original and amended final reports, nor did it show the exceptions to either. Consequently this court was unable to determine whether the amended report was simply for the purpose of conforming the issues to the evidence already heard, in which event the court said the parties would neither be entitled to another trial of the cause nor to a change of judge, or whether new issues were raised by the amended final report and exceptions thereto. The decision was based on the assumption, or at least on the possibility, that no new issues were raised by the filing of the exceptions to the amended final report. The opinion in effect holds that had new and different issues been presented by the amended report and the exceptions thereto, the change of judge should have been granted. See also *Whitcomb* v. *Stringer* (1903), 160 Ind. 82, 66 N. E. 443, therein cited and digested in the footnote.

In accord with the views expressed in that opinion, we think the change here should or should not have been granted depending upon whether the exceptions to the amended final report raised new issues.

The central issue raised by the exceptions to the original final report was whether the grocery store was in truth and in fact an asset of the estate and not the personal property of the former administrator. That issue the court determined adversely to the administrator, and required him to file an amended report.

It seems apparent that the court decided questions which had not been put in issue by the pleadings. The issue thus presented was, as above stated, whether the former administrator had failed to report the grocery store as an asset of the estate when such should have been done. But the respondent's response shows, and the special findings of fact would indicate, that much evidence was heard which was not, and could not have been, addressed to that issue.

The response asserts that no new issue was formed by the filing of the amended report and the exceptions thereto, which was not involved in the hearing on the original final report and exceptions thereto; that evidence was heard as to the total receipts of the grocery business, the expense of operating same, the disbursements and credits claimed, including books of account showing daily receipts and disbursements; that the production of the thousands of receipts and vouchers in connection with the business was waived, and by agreement said hearing was had on the basis of the ledger, books and daily cash records kept and maintained by the former administrator; that fees were allowed the former administrator in his capacity as manager and operator of said grocery business based on evidence showing the value of such services.

These assertions are not challenged by the relator. It is not claimed that the special findings are not supported by the evidence heard. No bill of exceptions containing the evidence adduced at the hearing, and showing objections, if any, to the introduction thereof, has been furnished to this court. There is no claim that any of such evidence was heard over the objection of the relator or that the relator in any way protested the hearing of such evidence at the trial of the exceptions to the original final report.

On the record as presented to us it would appear that the whole subject of the ownership of the store, the former administrator's responsibility to the ██ estate in connection with it, his method of conducting the business, and his compensation for operating it was thoroughly explored without, so far as appears, any objection on the the part of the relator. The amended report, therefore, must be regarded as in the nature of one made to conform to the proof. To permit a change of venue after the trial has been completed, or substantially completed, would be, in effect, to allow a new trial. No change can be demanded after a matter has been so far tried and decided that no substantial question remains. An exceptor cannot sit silently by while the issues as presented on paper are broadened by proof and decided, and accept the result if satisfactory but avoid it if unsatisfactory by having the same issues redetermined by a different judge. His remedy in such case is by appeal.

It seems to us that in this case, as in *State ex rel. George, Etc.* v. *Dean, Special Judge, supra,* the application for change of judge was made during the ██ progress of the trial. It alleged only the relator's conclusion that he could not have a fair and impartial trial on account of the bias and prejudice of the judge. An application in that form, at that stage of the proceeding, is insufficient. *State ex rel. George, Etc.* v. *Dean, Special Judge, supra; Thorn* v. *Silver* (1910), 174 Ind. 504, 89 N. E. 943.

On the record before us we must discharge the alternative writ of mandate heretofore issued, and deny the petition.

NOTE.—Reported in 99 N. E. 2d 413.