The Louisville, New Albany and Chicago Railway Co. v. Reynolds *et al.*

Filed March 29, 1889.

No. 13,615.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* REYNOLDS ET AL.

CONTRACT.—*Incomplete Writing.—Parol Contract.—Pleading.*—Where a letter neither contains nor purports to contain the entire contract between the parties, but, on the contrary, points to extrinsic facts, the contract is not a written, but a parol one, and it is proper to declare on it as such.

SAME.—*Attorney.—Compensation for Services.*—Where a railroad company contracts to pay an attorney reasonable fees " for assisting in trials in cases against the company," the right of the attorney to compensation is not limited to services rendered in " trials," in the narrowest technical meaning of the word, but he is entitled to pay for necessary services rendered in actions.

SAME.—*Construction.—Acts of Parties.*—Courts will follow the construction which the parties themselves, by their acts, have put upon their own contracts.

From the Carroll Circuit Court.

*G. W. Easley* and *G. R. Eldridge,* for appellant.

*W. E. Uhl, A. W. Reynolds* and *E. B. Sellers,* for appellees.

ELLIOTT, C. J.—The basis of the contract under which the appellees rendered professional services for the appellant is the following letter :

"*Gentlemen*—Enclosed please find passes No. 253, A. W. Reynolds, and 254, E. B. Sellers, which are in full compensation for services that your firm may be called upon to render in White county during 1884, except for assisting in trials of cases against the company other than stock cases ; for such services, if rendered, you are to receive reasonable attorney's fees, in addition to enclosed passes."

During the years 1884 and 1885 the appellees rendered services in fourteen actions brought against the appellant for killing and injuring stock. During the same period they rendered services in twenty-eight actions of a different kind. In five of these actions there were trials of issues of fact; in the remaining twenty-three cases demurrers were filed to the complaint, and the issues of law thus formed were determined by the court adversely to the appellant, and answers were subsequently filed, but the issues of fact thus formed were never tried. The court denied compensation in the fourteen " stock cases," and awarded it for the services rendered in the twenty-eight cases.

It is contended by appellant's counsel that as the complaint counts upon a verbal contract the appellees must fail, because the facts stated in the special finding show the contract to be a written one. In support of this position it is asserted that the complaint must proceed upon a definite theory, and that the recovery must be upon that theory. Many cases from our own and other reports are cited. Among them are the cases of *Mescall* v. *Tully*, 91 Ind. 96, *Lockwood* v. *Quackenbush*, 83 N. Y. 607, *Harris* v. *Hannibal, etc., R. R. Co.*, 37 Mo. 307, *Batterson* v. *Chicago, etc., R. W. Co.*, 8 Am. & Eng. R. R. Cases, 123, and *Waldhier* v. *Hannibal, etc., R. R. Co.*, 71 Mo. 514.

We have no doubt that counsel state the rule correctly, but the question is, do they give it a just application ? That they

do err in applying the rule seems clear to us. The letter does not, by its terms, constitute a complete contract, nor does it profess to do so. If it had stated a complete contract, it could not be varied or controlled by parol evidence. *Phillbrook* v. *Enswiler*, 92 Ind. 590; *Diven* v. *Johnson*, 117 Ind. 512. But it is not complete, and is on its face merely unilateral. *Tomlinson* v. *Briles*, 101 Ind. 538; *Higham* v. *Harris*, 108 Ind. 246. It does not specify the services which the appellees are to perform, nor does it designate the consideration to be yielded for the services that may be performed. It does provide that the passes given the appellees shall be their compensation for services in the class of cases denominated "stock cases," but it does not state what other services shall be rendered, and instead of providing a measure of compensation for other services, it provides that the appellees shall receive "reasonable attorney's fees." Two important elements are left open to parol agreement: the services to be performed, and the consideration to be yielded. It clearly implies that what shall be done in other than "stock cases," and what consideration shall be yielded, are to be ascertained by resorting to parol evidence. It is difficult to conceive of a case where the writing more clearly discloses its incompleteness and points to extrinsic facts. As the contract is not all in writing, it is a parol contract. This doctrine is firmly established. *Board, etc.,* v. *Shipley*, 77 Ind. 553; *Pulse* v. *Miller*, 81 Ind. 190; *Stagg* v. *Compton*, 81 Ind. 171; *Board, etc.,* v. *Miller*, 87 Ind. 257; *High* v. *Board, etc.,* 92 Ind. 580; *Gordon* v. *Gordon*, 96 Ind. 134; *Tomlinson* v. *Briles, supra.* The letter was a competent instrument of evidence, but it neither contains nor purports to contain the entire contract between the parties. The rule that where the contract is incomplete, parol evidence is admissible, was carried very far, possibly too far, in *Stagg* v. *Compton, supra,* for in that case the letter of the one party was answered in writing by the other, and yet it was held that the contract was not a written one. It may, perhaps, be true that the author-

ities there cited do not fully sustain that decision ; but however this may be, they do sustain the decision which we make here.

The contention of appellant's counsel that because there were no trials of issues of fact in twenty-three of the cases the appellees are not entitled to compensation, is utterly destitute of merit. The steps taken by the appellees were essential to the formation of issues, and were, therefore, necessarily contemplated by the contract. It is quite clear that the parties did not mean to use the word "trials" in its narrowest technical signification ; but they meant that necessary services rendered in actions should be paid for by the appellant. It certainly was not intended that no compensation should be paid. But the submission of the cases on demurrer involved the trial of issues of law, and, therefore, there were "trials," even if the rigid construction insisted upon by counsel be conceded to be correct. Coke's Littleton, 124b. We do not, however, "stick in the bark" by a strict adherence to words, for we look to the whole contract as construed by the acts of the parties under it, and this gives us a substantial foundation, as it is a settled and salutary principle that courts will follow the construction that the parties themselves, by their acts, have put upon their own contracts. *Vinton* v. *Baldwin*, 95 Ind. 433 ; *Ætna Life Ins. Co.* v. *Nexsen*, 84 Ind. 347 ; *Willcuts* v. *Northwestern, etc., Ins. Co.*, 81 Ind. 300 ; *Reissner* v. *Oxley*, 80 Ind. 580 ; *Johnson* v. *Gibson*, 78 Ind. 282 ; *Chicago* v. *Sheldon*, 9 Wall. 50.

Judgment affirmed, with five per cent. damages and costs.
Filed March 29, 1889.