SCHNEIDT *v.* SCHNEIDT ET AL.

[No. 10,486. Filed March 28, 1919.]

1. NEW TRIAL.—*Grounds.—Ruling on Demurrer.*—Where, on a demurrer to the complaint being sustained, plaintiff refused to plead further, and judgment was entered for defendants, plaintiff's motion for a new trial on the ground that the court erred in sustaining the demurrer was a nullity and presented nothing to the trial court for its consideration.  p. 667.

2. APPEAL.—*Time for Taking.—Void Motion for New Trial.*— Where judgment was entered for defendant on plaintiff's refusal to plead further after the sustaining of a demurrer to the complaint, a motion for new trial predicating error on the ruling on the demurrer, being a nullity, does not operate to extend the time for taking an appeal.  p. 667.

From Jasper Circuit Court; *Charles W. Hanley,* Judge.

Action by Julia Schneidt against Hattie Schneidt and others. From a judgment for defendants, the plaintiff appeals. *Appeal dismissed.*

*John W. Stinson,* for appellant.
*McAleer, Dorsey & Gillett,* for appellees.

DAUSMAN, C. J.—This action was instituted by appellant against the appellees to vacate a decree of divorce and to establish appellant's rights with respect to certain personal property.  It appears from

the amended complaint that appellant and one William Schneidt, now deceased, were husband and wife; that said William obtained a decree of divorce from appellant on constructive service and without her knowledge; that at the time of his death he was the owner of some personal property; and that the appellees are claiming said property adversely to appellant. A demurrer for want of facts was sustained to the amended complaint. Appellant declined to plead further, and on April 29, 1915, judgment was rendered accordingly. On May 25, 1915, appellant filed her motion for a new trial on the sole ground that the court erred in sustaining said demurrer. That motion was carried on the docket until October 5, 1918, on which day it was overruled. The transcript was filed in this court on December 24, 1918.

The cause never having been tried, of course there could be no new trial. The pretended motion for a new trial was an absolute nullity, and presented nothing to the trial court for its consideration. The time for taking an appeal cannot be extended in that manner. *Rooker* v. *Bruce* (1908), 171 Ind. 86, 85 N. E. 351; *Goodrich* v. *Stangland* (1900), 155 Ind. 279, 58 N. E. 148; *Erwin School Tp.* v. *Tapp* (1890), 121 Ind. 463, 23 N. E. 505; *Corwin* v. *Thomas* (1882), 83 Ind. 110; *Reed* v. *Spayde* (1877), 56 Ind. 394; *Fisk* v. *Baker* (1874), 47 Ind. 534; *City of Huntington* v. *Cast* (1900), 24 Ind. App. 501, 56 N. E. 949; *Standard Oil Co.* v. *Bowker* (1895), 141 Ind. 12, 40 N. E. 128; *Decker* v. *Mahoney* (1917), 64 Ind. App. 500, 116 N. E. 57.

The pretended appeal, not having been perfected within the time fixed by statute, is hereby dismissed.