STARR *v.* CITY OF GARY.

[No. 25,589.   Filed February 13, 1934.]

John W. Scott and William H. Matthew, for appellant.

Harry Sharavsky, Greenlee, Richardson & Greenwald, and Gavit, Hall, Smith & Gavit, for appellees.

HUGHES, J.—As stated by the appellant, this was an action by the appellant, as plaintiff below, to restrain and enjoin the city of Gary, and the appellees, who were officers of said city, from removing, attempting to remove, or from interfering with the gasoline pump, air, and water apparatus of the appellant on the curb in front of the premises of the appellant.

A temporary restraining order was issued upon the verified complaint; the restraining order was dissolved and temporary injunction denied. After the motion to dissolve the restraining order was filed the appellant presented and offered to file an affidavit for a change of judge on account of the bias and prejudice of said judge against the plaintiff and his cause of action. The appellees, the defendants below, filed written objections to the filing of the affidavit for a change of judge for the reason that no notice was shown of the application for a change from the judge. The court sustained the objections of the appellees and proceeded to hear

the motion to dissolve the restraining order and the application for a temporary injunction.

The appellant has assigned nine specifications in his assignment of errors but for the purpose of this case we will only consider the first two which are as follows:

(1) The court erred in refusing to allow the appellant plaintiff below, to file his affidavit for a change of judge.

(2) The court erred in refusing to sustain the motion of the appellant for a change of judge.

This court would be entirely within its technical right to refuse to consider the questions raised by the appellant for the reason that his brief does not ■ comply with the rules of this court. In view, however of the statements made by the attorney for the appellant, and the attorney for the appellees, we have decided to pass upon the merits of the contention presented.

It is the contention of appellees that a change of judge in this cause was sought in vacation with- ■ out notice, and, as there was no notice given, there was no error in denying the application. Section 446, Burns 1926, §2-1405, Burns 1933, §210, Baldwin's 1934, provides:

"No change of venue shall be granted in vacation unless the opposite party has had ten days' notice."

The verified complaint in this action was filed on March 3, 1928, asking for a restraining order which was granted, and the court fixed March 6, 1928, as the time for hearing the application for a temporary injunction. The appellees on March 6, 1928, filed their motion to dissolve the restraining order and the appellant on the same day tendered and offered to file his affidavit for a change of judge. On March 7, 1928, the appellee filed written objections to the filing of the affidavit for a change of judge which was sustained by the court.

It is seen from the record that only five days, March 3, to March 7, 1928, intervened from the time the complaint was filed until the court refused the plaintiff the right to file his affidavit for a change of judge and the case had been set for March 6, 1928, to hear the application for a temporary injunction.

The January Term of the Lake Superior Court commenced on the second Monday of January and continued for a period of eight weeks, ending Saturday, March 3, 1928, and the March Term began on the second Monday of March (March 12, 1928).

It is manifest that, under the situation as presented, it was impossible for the appellant to give ten days' notice as provided for by the statute. Does this fact take away the right of the appellant for a change of judge? We think not.

It appears from the record that the court set the hearing for a temporary injunction for March 6, 1928, that notice was given defendants and they appeared in court on said day and filed their motion to dissolve the restraining order; that the appellant tendered and offered to file his affidavit for a change of judge and on March 7, 1928, the appellees appeared and objected to the filing of the affidavit for a change of judge. At every step taken the appellees were in court contesting the right of appellants.

In such an action as before us, we do not believe that section 446, *supra,* is applicable and controlling, and in the very nature of the facts can not be.

Section 446, Burns 1926, §2-1405, Burns 1933, §210, Baldwin's 1934, must be considered and construed in connection with sections 442 and 443, Burns 1926, §§2-1401, 2-1402, Burns 1933, §§190, 193, Baldwin's 1934. All statutes relating to the same subject matter are to be construed together. *Conn* v. *Board* (1898), 151 Ind. 517, 51 N. E. 1062; *Elliott* v.

*Brazil Coal Co.* (1900), 25 Ind. App. 592, 58 N. E. 736; *Lincoln Twp.* v. *American Co.* (1903), 31 Ind. App. 405, 68 N. E. 301.

And statutes enacted at the same session of the legislature are to be construed in *pari materia,* so as to give effect to each if possible. *Shea* v. *City of Muncie* (1896), 148 Ind. 14, 46 N. E. 138.

Sections 442 and 446, *supra,* were enacted by the same legislature and at the same time in the same act. Acts of 1881, p. 240, sections 255 and 259.

Section 442, *supra,* provides:

"The court in term, or the judge thereof, *in vacation,* shall change the venue of any civil action upon the application of either party made upon affidavit showing one or more of the following causes . . . 7." "When either party shall make and file an affidavit of the bias, prejudice or interest of the judge before whom the said cause is pending."

It has been repeatedly held by this court that when a proper affidavit has been filed for the foregoing reason it is the mandatory duty of the judge to grant the change and there is no discretion upon the part of the judge. *Fidelity Co.* v. *Carroll* (1917), 186 Ind. 633, 117 N. E. 858.

Section 446, *supra,* provides:

"No change of venue shall be granted in vacation unless the opposite party has had ten days' notice."

Under the facts as presented in the instant case the plaintiff had a right to a change of judge but it was impossible to give the ten days' notice.

The law does not require one to do the impossible thing and one can not be deprived of a statutory right by his failure to do either an unlawful or an impossible thing.

It must be remembered that the complaint was filed on March 3, and the court set the hearing for a temporary injunction on March 6, 1928. March 3, 1928,

was the last day of the January Term of the Lake Superior Court and March 12, 1928, was the first day of the March Term of said court. If the ten days' notice had been given it would have been for a day in term and, in this event, there would have been no need of a ten days notice. The court, however, set the case for hearing in vacation and for a day when the ten days' notice could not be given.

In a sense a restraining order or temporary injunction is a summary proceeding, for in many cases in order to preserve the rights of parties action must be had immediately. In the instant case the court evidently thought that there was an emergency for the issuance of the restraining order and the hearing for a temporary injunction. It is not the ordinary civil action where ten days' notice is required to be given the defendants. If section 446, *supra,* is controlling then at no time could a party obtain a change of judge under facts as presented in this case. We do not believe that this was the purpose of the legislature when these sections were enacted.

Under the facts as presented in this case we hold that section 446, *supra,* when considered with section 442, *supra,* is not controlling and that the court committed error when it refused appellant the right to file his affidavit for a change of judge and to sustain the motion for the change thereof.

Judgment reversed.