STATE EX REL. HOCK V. CIRCUIT COURT OF
MORGAN CO., ET AL.

[No. 17,831. Filed December 31, 1948. Rehearing denied
January 7, 1949.]

*Sebaldus J. Hock,* of Indianapolis, attorney for appellant.

*Sherwood Blue,* of Indianapolis, and *Homer Elliott,* of Martinsville, attorneys for appellees.

ROYSE, P. J.—The relator filed his verified petition in this court for a writ of prohibition against the respondents herein. His petition in this court, in substance, avers that on May 6, 1948, Wilhelmina Hock obtained a judgment of divorce in the Morgan Circuit Court from the relator herein. By the judgment of said Court relator was ordered to pay for the support of the minor child of the parties and to pay the attorneys' fees of said Wilhelmina Hock; that subsequent to said judgment the relator perfected an appeal of said action to this Court within the time allowed. (The appeal was filed in this Court on October 5, 1948).

His petition, in substance, further avers that on November 26, 1948, after the appeal was filed in this

Court, the said Wilhelmina Hock filed her verified petition in the Morgan Circuit Court asking an order from that court increasing the allowance it had previously made for the support of the minor child; that on the same day she filed her verified petition asking the Morgan Circuit Court to cite the relator for contempt of said court because he had failed to pay the attorneys' fees allowed her attorneys. On the same day said court issued its citation to relator ordering and directing relator to appear before it on the 13th day of December, 1948, to show cause why he should not be punished for contempt. Finally, it is averred said Wilhelmina Hock, on the same day, filed her verified petition in said Morgan Circuit Court requesting said court to make an allowance to her attorneys to defend the appeal pending in this court. The petition concluded with the usual prayer for a temporary writ and a final writ after hearing.

We recognize it is well established in this state that the trial court, in order to provide for the welfare and protect the interests of innocent minor children, ■ has a full and continuing jurisdiction over such children during their minority. *Stone* v. *Stone* (1902), 158 Ind. 628, 631 to 633, 64 N. E. 86. This is true pending an appeal. However, as to the two other propositions presented by relator's petition, we felt that if the averments in relator's petition were true there was an invasion of our appellate jurisdiction. Therefore, we granted a temporary writ and directed the respondent, Omar O'Harrow, Judge of the Morgan Circuit Court, to appear before this Court to show cause, if any, why such writ should not be made permanent.

The respondents filed a verified return questioning our jurisdiction to grant a writ of prohibition for any

of the reasons set out in relator's petition. The matter was then argued orally before this Court.

Neither in the return nor in the oral argument did the respondents raise any question as to whether the appeal in the divorce action was filed in time. The record in the divorce case shows the motion of defendant (relator here) for a new trial was overruled on July 6, 1948. The assignment of errors and transcript were filed in this court on October 5, 1948. This is more than ninety days after the ruling on the motion for a new trial. Rule 2-2, Rules of the Supreme Court of Indiana, 1946 Revision. This is jurisdictional and cannot be waived. Therefore, the allegation in relator's petition that the appeal was filed within the time allowed is untrue.

The temporary writ heretofore issued is dissolved and the clerk of this Court is directed to dismiss the appeal in the cause of Sebaldus J. Hock v. Wilhelmina Hock, which bears the same number here as this action.

Draper, J.—Concurring with opinion.

## CONCURRING OPINION

DRAPER, J.—Appellant's failure to file his transcript and assignment of errors within 90 days from the date of ruling on his motion for new trial deprives this court of jurisdiction. Rule 2-2. While we may issue a writ of prohibition in aid of our own appellate powers and functions, Burns' 1946 Repl., § 3-2201, it is obvious that we cannot issue a writ of prohibition in a case over which we have no jurisdiction.

The court so holds and I concur. I express no opinion regarding that portion of the opinion which is unnecessary to a decision of that question.

NOTE.—Reported in 83 N. E. 2d 51.