JOYNER ETC. *v.* THE HOUSING AUTHORITY OF THE CITY OF GARY, INDIANA, ET AL.

[No. 19,372. Filed December 14, 1959.]

*Max Cohen,* of Gary, for appellant.

*William Regan, Albert H. Gavit* and *Donald J. Dreyfus,* all of Gary, for appellees.

MYERS, C. J.—This is an appeal from a judgment wherein a demurrer was sustained to appellant's complaint for a perpetual injunction against appellees from buying and selling certain real estate located in the City of Gary, Indiana. Appellee, The Housing Authority of the City of Gary, Indiana, hereinafter called Housing Authority, has filed a motion to dismiss the appeal as to both appellees, or at least as to it.

Appellant, on December 24, 1958, filed his amended complaint, to which appellee Housing Authority filed a demurrer. Appellee Cohen filed an answer in which he stated that he was without information as to plaintiff's allegations, and prayed that plaintiff take nothing by his complaint. On February 26, 1959, the court sustained the demurrer to the complaint. Appellant refused to plead over and judgment was entered in favor of *both* appellees against appellant on March 7, 1959. Thereafter, on March 25, 1959, appellant filed a motion for a new trial. After hearing oral argument on the motion, the court overruled it on May 25, 1959. An appeal was taken and a transcript and assignment of errors were filed by appellant in this court on August 20, 1959. No petition was filed with this court for an extension of time to perfect the appeal.

Appellee Housing Authority, in its motion to dismiss, contends that the transcript and assignment of errors were not filed within the time allowed by Rule 2-2 of the Rules of the Supreme Court, and thus this court is without jurisdiction to determine the appeal. Rule 2-2 provides that the appeal must be perfected within ninety days from the date of the judgment or the ruling on the motion for a new trial. Failure to file the transcript and assignment of errors within the time deprives this court of jurisdiction. *State ex rel. Hock* v. *Cir. Ct. of Morgan Co.* (1949), 118 Ind. App. 676, 83 N. E. 2d 51; *Dawson et al.* v. *Wright, Mayor, etc., et al.* (1955), 234 Ind. 626, 129 N. E. 2d 796.

A finding and entry of judgment in favor of defendant after the court has sustained a demurrer to plaintiff's complaint where plaintiff refuses to plead over, costs being assessed againt plaintiff, is a final judgment which is appealable. *Greensburg*

*Water Co.* v. *Lewis* (1920), 189 Ind. 439, 128 N. E. 103. The time for perfecting an appeal begins to run from that date.

The filing of the motion for a new trial in the instant case did not extend the time for taking the appeal in so far as the judgment on demurrer was concerned. The motion presents nothing to the trial court for its consideration. *Schneidt* v. *Schneidt* (1919), 69 Ind. App. 666, 122 N. E. 588. Thus, in so far as appellee Housing Authority is concerned, the appeal should have been filed within ninety days from the date judgment was entered after the demurrer was sustained. As this was not done, the appeal was not perfected in time.

Appellant argues that there are two parties defendant here, and that one of them, appellee Cohen, did not join in the demurrer, but filed an answer to the complaint. He claims that appellee Cohen has a separate liability from that of appellee Housing Authority; that, in so far as he and appellee Cohen were concerned, the matter was at issue and ready for trial; that, by reason of the court's entry of judgment, he was not given his day in court. He says that if he had not filed the motion for a new trial, it might have constituted a waiver by him of the alleged error on the part of the trial court.

The record shows that there was no trial of this case. The matter was decided purely on the basis of the demurrer. We will not consider whether the complaint herein stated a cause of action jointly or separately against both appellees. Assuming only for the purposes of argument that appellee Cohen was subject to separate liability, and judgment was entered in his favor and against appellant without a trial and by default because of some error, inadvertence

or mistake on the part of the court, appellant had other remedies he could have used to correct the situation. He did not preserve any error by filing a motion for a new trial, since there had been no trial. Therefore, the motion presented nothing for review. *Dawson et al.* v. *Wright, Mayor, etc., et al., supra; Schneidt* v. *Schneidt, supra; Meier, etc.* v. *Social Security Administration et al.* (1958), 237 Ind. 421, 146 N. E. 2d 239. In *Gaddie* v. *Holloway* (1957), 237 Ind. 382, 387, 145 N. E. 2d 426, 428, 429, 146 N. E. 2d 247, the Supreme Court stated as follows:

"However, in the case at bar, appellant was defaulted and judgment taken against him without any trial having been had. Therefore, no relief for the errors complained of was available to appellant by motion for a new trial. Rather, the only remedy available to him, by which the error could be corrected by the trial court prior to appeal, was a motion to set aside the judgment, asserting as ground therefor the errors of law committed by the court which denied him his right of trial. *State ex rel. Lawson* v. *Stodola* (1949), 226 Ind. 631, 82 N. E. 2d 896."

In *Weiss et al.* v. *Guerineau* (1887), 109 Ind. 438, 443, 9 N. E. 399, 401, the court said:

"A party against whom an unauthorized or inequitable judgment has been obtained, whether by fraud or mistake, can not treat the judgment as invalid until he has taken some proceeding, known to the law, to set it aside, or to secure its modification."

Therefore, there is nothing before this court, in so far as an appeal from the judgment in favor of appellee Cohen is concerned.

Appellant raises the point that appellee's motion to dismiss does not conform to the Rules of the Supreme

Court because of the physical makeup of the motion, and, consequently, the motion should be denied. The question presented here is one of jurisdiction, and could be decided by this court without it being raised by either party. The manner in which it is presented is immaterial.

Appellee's motion to dismiss this appeal is sustained.

Appeal dismissed.

NOTE.—Reported in 162 N. E. 2d 685.