INDIANA & MICHIGAN ELECTRIC COMPANY
V. LOUCK ET AL.

[No. 30,200. Filed April 26, 1962.]

*George W. Pierce, Charles V. Retherford, Jr., White, Haymond, Pierce & Beasley,* all of Muncie, *Robert L. Smith,* and *Smith & Fraser,* of Portland, for appellant.

*Jacob N. Lennington,* of Muncie, and *Frank E. Spencer,* of Indianapolis, for appellees.

ARTERBURN, J.—The appellees have filed a motion to dismiss this appeal on the ground that the appellant has accepted a part of the benefits and recognized the validity of the judgment from which the appeal is taken in this case.

This is a condemnation action by the appellant Electric Company to take land for an electric line easement and right-of-way. Following the appraisers' award in the amount of $7,500, the appellant paid that sum to the clerk, in accordance with the procedure and took possession of the right-of-way pending a final determination of the damages. On June 3, 1960

the trial court found damages in the amount of $6,912.50 and entered judgments for that sum in favor of appellees and for the difference between that sum and $7,500, paid in, namely, $587.50 for appellant. After the filing of a motion for a new trial by the appellant, the court modified its judgment by providing for a recovery of $6,865.55 "with interest thereon from date of original decree, viz. June 3rd 1960, subject to the payment of costs as hereinbefore described" and "including interest thereon from September 10, 1953." Appellant filed a second motion for new trial, claiming the court erred in the inclusion of certain items of interest.

The clerk, upon application of the appellee-landowners, disbursed the money in accordance with the judgment. There remained after payment of costs the sum of $35.48 out of the $7,500, originally paid in by the Electric Company. The clerk sent the check for said sum to appellant's attorneys. This check was accordingly endorsed and deposited by the attorneys on January 2, 1962. This was done, the appellant says, without authority of the appellant. The attorneys on February 1, 1962 repaid the $35.48 to the clerk, which the clerk still has. For the purposes of the decision, we shall accept the contention that the appellant is bound by the acts of its attorneys.

The appellees argue, citing *State* v. *Kraszyk et ux. et al.* (1960), 240 Ind. 524, 167 N. E. 2d 339, that by the acceptance of the difference between the judgment and the award paid in, the appellant is bound by the judgment; having accepted it, appellant cannot appeal therefrom.

In that case the judgment entered was less than that awarded by the appraisers and the State accepted from the clerk the difference and thereafter at-

tempted to appeal. It was pointed out in that case that the award of the appraisers was for the protection of the landowner, if the condemnor took possession of the real estate, until a final or ultimate determination of the damages was made. In that case, if the State had been successful in a reversal in its appeal, a new trial would have been granted and the judgment might have equaled or exceeded the appraisers' award. At least, the judgment would have been vacated and the case would have stood as originally for trial, with the appraisers' award as a protection to the landowner.

In this case the appellee-owners are not asking for a new trial. They have accepted the judgment and withdrawn that sum from the clerk's office. Neither is the appellant asking for a greater judgment, but contends the calculation of the interest is in error, is too large and should be reduced, since it is claimed the interest is included twice for the period from September 10, 1953. Under no circumstances could the appellee-landowners obtain a larger judgment than that paid them.

In order to raise and present the alleged error, the appellant Electric Company has filed a motion for a new trial, although in fact, the appellant states that it does not desire or wish a new trial, but only the correction of a mathematical error in the judgment. This is a somewhat paradoxical situation created by what we call a motion for a new trial and which could better be named a motion to correct error. Burns' §2-3234, however, gives this court on appeal the power to remand the cause, with directions other than that a new trial be granted in case error is found to exist. This court may remand with directions that the judgment be modified in certain parti-

culars or with directions that it be reversed in its entirety. Upon a hearing on the merits, this court may determine the proper course, if any, that should be taken in this case. 2 I. L. E., Appeals, §669, p. 740. Here we are concerned merely with a motion to dismiss prior to a determination on the merits.

Proceeding, therefore, to the question of the dismissal of this appeal, we find that Burns' §2-3201 provides in part as follows:

> "The party obtaining a judgment shall not take an appeal after receiving any money paid or collected thereon."

This statute is merely declaratory of the common-law rule, which holds that a party cannot accept the benefits of a decision and yet claim it is erroneous. ■ The basis for such a principle is that the law does not permit such inconsistent positions to be taken. One cannot affirm and deny the same thing. Or, as some courts have said, the party is estopped to deny the validity of a proceeding which he has approved. *Wyncoop, Admr.* v. *Laughner* (1939), 106 Ind. App. 457, 19 N. E. 2d 486; *Beard* v. *Hosier* (1915), 58 Ind. App. 14, 107 N. E. 558; *Public Service Comm.* v. *Ind. Bell Tel. Co.* (1953), 232 Ind. 332, 108 N. E. 2d 889.

It follows, however, that where no inconsistency in the position taken exists, the general rule is not applicable. An acceptance of an amount to which ■ the acceptee is entitled in any event, does not estop him from appealing or claiming error in the judgment, since there is no inconsistency in such a position. *State ex rel. Jackson* v. *Middleton* (1939), 215 Ind. 219, 19 N. E. 2d 470, 20 N. E. 2d 509; *City of Indianapolis* v. *Stutz Motor Car Co.*

(1932), 94 Ind. App. 211, 180 N. E. 497; *Fifth Avenue Bank of New York* v. *Hammond Realty Co.* (1942), 130 F. 2d 993, cert. den. *McHie et al.* v. *Fifth Avenue Bank of New York*, 318 U. S. 765, 63 S. Ct. 666, 87 L. Ed. 1136; 4 C. J. S., Appeal and Error, §216(1), p. 650 says:

> "The rule that a party cannot maintain an appeal or writ of error to reverse a judgment or decree after he has accepted payment of the same in whole or in part has no application, as a rule, where appellant is shown to be so absolutely entitled to the sum collected or accepted that reversal of the judgment or decree will not affect his right to it, as in the case of the collection of an admitted or uncontroverted part of his demand, and in other similar cases, as where his appeal is to establish his claim to something additional or to a greater amount."

It appears to us that the appellant has not taken an inconsistent position in this case, even though it had accepted and retained the $35.48 remaining after the payment of the costs and the entire judgment as rendered by the court, since in all events, regardless of the outcome of this appeal, the appellant would have been entitled to that sum.

The appellees' motion to dismiss is overruled.

Achor, C. J., and Bobbitt and Landis, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 181 N. E. 2d 855.