IN RE ESTATE OF MEREDITH ET AL. *v.* SKIDMORE, ADMX., ETC.

[No. 20,466. Filed March 14, 1966.]

*John J. Delworth, Jr.,* of Rochester, for appellants.

*Jesse A. Brown* and *Brown & Brown,* of Rochester, and *Arch N. Bobbitt,* and *Ruckelshaus, Bobbitt & O'Connor,* of Indianapolis, for appellee.

PER CURIAM.—This is an appeal from a judgment wherein a demurrer was sustained to appellant's petition to enforce an oral agreement to adopt. Said demurrer was sustained on June 25, 1965, and on plaintiff-appellant's refusal to plead over, the court below entered judgment on that date. On July 26, 1965, plaintiff-appellant filed his motion for new trial, which was overruled on the same day. Thereafter, on October 21, 1965, plaintiff-appellant filed his transcript and assignment of errors with the Clerk of the Supreme and Appellate Courts.

Subsequently the appellees have filed a motion to dismiss the appeal contending that Rule 2-2 of the Supreme Court of Indiana requires that appellant file his transcript and assignment of errors within ninety days from June 25, 1965, the date of the judgment, or on or before September 23, 1965. Appellees' contention is based upon the presumption that upon the sustaining of the demurrer and the refusal to plead over, the judgment was final and the motion for a new trial was a nullity. We agree and cite as controlling the decision of this court in *Joyner, etc.* v. *The Housing Authority, etc.* (1959), 130 Ind. App. 167, 169, 162 N. E. 2d 685:

> "A finding and entry of judgment in favor of defendant after the court has sustained a demurrer to plaintiff's complaint where plaintiff refuses to plead over, costs being assessed against plaintiff, is a final judgment which is appealable. *Greensburg Water Co.* v. *Lewis* (1920), 189 Ind.

439, 128 N. E. 103. The time for perfecting an appeal begins to run from that date.

"The filing of the motion for a new trial in the instant case did not extend the time for taking the appeal in so far as the judgment on demurrer was concerned. The motion presents nothing to the trial court for its consideration. *Schneidt* v. *Schneidt* (1919), 69 Ind. App. 666, 122 N. E. 588. Thus, in so far as appellee Housing Authority is concerned, the appeal should have been filed within ninety days from the date judgment was entered after the demurrer was sustained. As this was not done, the appeal was not perfected in time."

Appellees' motion to dismiss this appeal is sustained. Appeal dismissed.

NOTE.—Reported in 214 N. E. 659.