RALPH E. ALDRIDGE *v.* MARIANNA D. ALDRIDGE
AND RAYMOND H. ZIRKLE

[No. 20,709. Filed November 20, 1968. Rehearing denied December 30, 1968. Transfer denied March 28, 1969.]

*Bayliff, Harrigan & Cord,* of Kokomo, for appellant.

*Max C. Shirley,* of Kokomo, for appellees.

CARSON, C. J.—By Order of the Supreme Court of Indiana, dated April 25, 1968, this cause was remanded to the Appellate Court with directions; to vacate the order of dismissal issued by this court on February 21, 1968, (reported as *Aldridge v. Aldridge* (1968), 142 Ind. App. 289, 233 N. E. 2d 781) ; and, to render a decision on the merits.

The sole issue presented by this appeal is whether the Howard Superior Court erred in sustaining defendant-appellee, Marianna D. Aldridge's motion for summary judgment as to paragraph I of the counter-complaint. The facts and history of this cause should be first set forth.

It appears from a review of the record that on and prior to October 11, 1960, the plaintiff-appellant, Ralph E. Aldridge and the defendant-appellee, Marianna D. Aldridge, were husband and wife. As of the aforementioned date, they were joint owners of a number of promissory notes, totaling Fifty-five Thousand ($55,000.00) Dollars in value, which were secured by mortgages. On October 11, 1960, Ralph E. Aldridge and his wife entered into an agreement whereby defendant-

appellee, Raymond H. Zirkle, was granted power of attorney for the purpose of collecting the notes and releasing the mortgages which secured them.

Subsequently, on July 26, 1962, Ralph E. Aldridge and Marianna D. Aldridge obtained a divorce by decree of the Circuit Court of the Eleventh (11th) Judicial Circuit in Dade County, Florida. It is uncontroverted that the decree of divorce served to convert ownership of the aforementioned notes to that of tenants in common.

Pursuant to the power of attorney vested in him, Zirkle received the total sum of Fifty-five Thousand ($55,000.00) Dollars and by mutual consent of the Aldridges, distributed that sum down to the balance of Thirty-three Thousand Seven Hundred Ninety-one Dollars and Sixty-six ($33,791.66) Cents. Due to the animosity which grew between the Aldridges, Zirkle refused to make any further distribution of the proceeds. Thereafter, on April 23, 1965, plaintiff-appellant initiated this action, joining Marianna D. Aldridge and Raymond H. Zirkle as defendants.

Plaintiff-appellant's complaint prays for distribution of the proceeds remaining in the hands of Raymond H. Zirkle and alleges a legal right to one-half (1/2) of the remaining balance. To the complaint, defendant-appellee, Zirkle, filed answer in two paragraphs, the first, being a denial under Rule 1-3 of the Rules of the Supreme Court of Indiana; and, the second, being an affirmative defense in the form of set-off, for allowance of reasonable fees for services rendered.

· Defendant-appellee, Marianna D. Aldridge, filed answer to the complaint in general admission and denial under Rule 1-3, Rules of the Supreme Court of Indiana. She further filed a pleading, designated, "cross-complaint", which, as later amended, contains four (4) legal paragraphs. Paragraph I of said "cross-complaint" alleges, nearly verbatim, those facts stated in the complaint of plaintiff-appellant and alleges, likewise, that defendant-appellee, Marianna D. Aldridge, is en-

titled to one-half (1/2) of the balance remaining in the hands of Raymond H. Zirkle and prays that Zirkle be ordered to distribute that balance. Paragraph II of defendant-appellee's "cross-complaint", prays for an award of Seven Thousand Five Hundred ($7,500.00) Dollars as past support for minor children. Paragraph III prays for an award of Twelve Thousand Five Hundred ($12,500.00) Dollars as a property settlement between plaintiff-appellant and defendant-appellee. Paragraph IV asks for Twelve Thousand ($12,000.00) Dollars as future support for the minor children.

To said "cross-complaint", Zirkle, filed answer in denial and affirmative defense in the form of set-off, asking for allowance of reasonable fees. Plaintiff-appellant did not file a reply to the affirmative defense of Zirkle or answer to the counterclaim. Thereafter, on September 13, 1966, Marianna D. Aldridge, filed motion for summary judgment as to paragraph I of her "cross-complaint". The motion was accompanied by an affidavit proclaiming the lack of a genuine issue of fact in relation to said first paragraph of "cross-complaint". It is further stipulated by affidavit of Marianna D. Aldridge and Raymond H. Zirkle, that the sum of Five Hundred ($500.00) Dollars constituted reasonable allowance for fees.

Subsequent to argument on defendant-appellee's motion for summary judgment, the court entered ruling and judgment, as follows:

"The Court having heard the arguments of counsel on defendant Marianna D. Aldridge's motion for summary judgment on paragraph I of her cross-complaint and the Court having considered said motion, the affidavits in support of said motion, the counter affidavits addressed to said motion, the stipulations relative to trustee's fees and trustee's attorney's fees, the pleadings in this cause and having interrogated counsel, now finds that the amount of trustee's fees and trustee's attorney's fees claimed by Raymond H. Zirkle, Trustee, are reasonable and

that they should be and they are hereby allowed in the amount of $500.00, and ordered paid from the funds in the hands of Raymond H. Zirkle, Trustee, said amount being in full payment for his services herein to date as Trustee and as attorney for himself as Trustee.

"The Court further finds that there is no genuine issue raised by paragraph I of defendant Marianna D. Aldridge's cross-complaint; that the material allegations of said paragraph of cross-complaint are also alleged in the plaintiff's complaint, and it appears from the pleadings and the affidavits submitted on the motion for summary judgment, that there is no substantial controversy that defendant, Marianna D. Aldridge, is entitled to recover one-half of the funds in the hands of Raymond H. Zirkle, Trustee.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Raymond H. Zirkle, Trustee, have and recover the sum of $500.00 as trustee's fees and trustee's attorney's fees, and said fees are ordered paid out of the funds held by Raymond H. Zirkle as Trustee.

"IT IS FURTHER ORDERED, ADJUDGED AND DE- CREED that Marianna D. Aldridge have and recover the sum of $16,645.83 of the funds now in the hands of Raymond H. Zirkle as Trustee, and that the costs of this action shall abide the further orders of this Court."

First of all, we would make clear that an appeal will not lie from all interlocutory summary adjudications. The appealability of such determinations depends upon the finality of the judgment entered by the trial court and the provisions of Acts of 1921, ch. 251, § 1, p. 741; being Burns' Anno. Stats. (1968 Replacement) section 2-3218. See: Moores Federal Practice, Vol. 6, ¶s 56.20[3] [4]. We conclude that the determination herein entered, was appealable due to the finality of its nature.

Upon review of the pleadings and affidavits filed herein, we feel compelled to affirm the action of the Howard Superior Court. The allegations found in paragraph I of the defendant-appellee's "cross-complaint" remain uncontroverted. Marianna D. Aldridge alleges that the funds held by Raymond H. Zirkle are owned by her and her hus-

band as tenants in common and that she is thereby entitled to one-half (1/2) of same. Plaintiff-appellant's pleadings constitute an admission of all material allegations of said paragraph I. There are no claims against Marianna D. Aldridge's share of the funds, presented by the pleadings, except the Two Hundred Fifty ($250.00) Dollars of fees, which was stipulated as reasonable and in no way disputed. We can only conclude that as there was no issue of fact presented in relation to paragraph I of the "cross-complaint", Marianna D. Aldridge was entitled to summary judgment, as a matter of law, on said paragraph.

We wish to further point out that this decision, in no way, passes upon the remaining allegations of the "cross-complaint" and is therefore, without prejudice to same.

Judgment affirmed.

Cooper, and Faulconer, J.J., concur.

Prime, J., concurs with concurring opinion.

## CONCURRING OPINION

PRIME, J.—Appellee Marianna D. Aldridge was granted summary judgment by the trial court, and this appeal questions the correctness of that ruling. We would affirm that judgment.

Prior to October 11, 1960, Ralph E. and Marianna D. Aldridge held mortgages on real estate in Kokomo, Howard County, Indiana. On that date they entered into an agreement with Raymond H. Zirkle whereby Mr. Zirkle was to act as their attorney in fact for the express purpose of releasing the mortgages, and obtaining proceeds therefrom in cash and notes. The principal parties agreed that they were joint tenants of the notes, mortgages, and proceeds, which were to be held by Mr. Zirkle in trust until such time as Mr. and Mrs. Aldridge agreed upon the method of disbursement. If

the details could not be mutually agreed upon, the trustee was to retain possession until a court of competent jurisdiction fixed a means of distribution.

Marianna D. Aldridge was granted a divorce from Ralph E. Aldridge on July 26, 1962, by the Circuit Court of Dade County, Florida. From that time forward, they became tenants in common of the property and money still held by their trustee, Raymond Zirkle, in Howard County, Indiana.

Between December, 1963, and March, 1964, the trustee received the sum of $55,000 in full satisfaction of the note and mortgages. From time to time he has paid a fraction of those proceeds, in equal portions, to the Aldridges, pursuant to their mutual agreement. At the time the original action was commenced, Mr. Zirkle retained a balance of $33,791.66, which was on deposit in his trust account at the Union Bank and Trust Company in Kokomo.

The original action was brought in the Howard Circuit Court, which had jurisdiction over the subject matter and the defendants, by Ralph E. Aldridge to compel payment over to him of $16,895.83, representing exactly one-half the funds held in trust. Named in that action as defendants were Marianna D. Aldridge and Raymond H. Zirkle.

Counter claims were filed by both defendants. Raymond H. Zirkle prayed for a reasonable sum for his services as trustee. Marianna D. Aldridge prayed for half of the funds held in trust, which may be described as the portion to which appellant Ralph E. Aldridge has not laid claim. Mrs. Aldridge's cross-complaint also contained separate paragraphs praying for past and future support for two minor children born during the marriage of the principal parties, and for a separate property settlement.

The trial court granted summary judgment upon appellees' motions in these particulars: Raymond H. Zirkle was to receive $500 for his services as trustee and attorney for

trustee, and Marianna D. Aldridge the sum of $16,645.83 as her one-half share of the funds remaining after diminution by the trustee fees.

The Indiana Summary Judgment Statute, Acts of 1965, Ch. 90, Burns' Indiana Statutes § 2-2524, is determinative of the questions presented by this action. Particularly:

> "If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly." § 2524(d).

A more appropriate case for the granting of summary judgment is difficult to imagine. The sum awarded to Mrs. Aldridge is precisely the one-half to which Mr. Aldridge disclaimed ownership, after diminution by nominal, and proper, trustee and attorney fees. Mr. Aldridge's claim is stated in his complaint:

> "3. That prior to the divorce, the plaintiff and the defendant, Marianna D. Aldridge, held the notes and mortgages jointly, but that with the divorce, the ownership in said notes and mortgages was that of tenants in common, each entitled to one-half of the proceeds thereof, . . ."

Mr. Aldridge frankly expresses the fear that his share of the total fund may approach zero, assuming that Mrs. Aldridge successfully pursues the other portions of her cross-complaint.

If any liability results, however, it would certainly not be assessed against Mrs. Aldridge's share. The actions are separate. It may be that the liability, if any be found by the trial court to exist, would be paid from the only funds subject to the trial court's jurisdiction. That contingency is no more than a coincidence; it can have no effect upon a previously adjudicated matter. We are aware of no rule of law that limits the amount of liability to the net of a defendant's solvency.

The judgment of the trial court should be affirmed.

NOTE.—Reported in 241 N. E. 2d 874.