HARDING; COLLINS v. BROWN; STATE BANK OF GREENTOWN, EXECUTOR OF ESTATE OF CULLINS.

[No. 867A56. Filed May 19, 1969. No petition for rehearing filed.]

*Marshall Hillis, Hillis & Button,* Kokomo, for appellant.

*Fell, Fell & McGarvey,* Kokomo, for appellees.

COOPER, J.—This is an appeal from the Howard Superior Court wherein the Appellee Anita Brown, on July 29, 1965, filed in the estate of Effie B. Cullins, deceased, a petition for the Enforcement of a Trust against certain assets in the estate of Effie B. Cullins.

The record reveals that on October 14, 1966, the appellants herein (being devisees under the will of said Effie B. Cullins, deceased) withdrew their Petition for Appointment of a Commissioner to Convey Real Estate, and the appellant Georgia Harding filed a verified Application for Change of Venue From Judge, alleging as cause therefore the bias and and prejudice of the judge against her.

The record next reveals the following:

"AND BE IT FURTHER REMEMBERED that heretofore, to wit, on the 25th day of January, 1967, and being the 15th Judicial Day of the January Term 1967, of said Court, before the Honorable William E. Lewis, sole Judge, the following proceedings were had.

"The application of Georgia Harding for change of venue from the Judge, filed October 14, 1966, is now considered by the Court and said application is overruled as not being within the restrictive provisions of rule 1-12B of the Indiana Supreme Court.

"The Court having notified all counsel on October 6, 1966 to request hearing or file responsive pleadings or briefs on the petition for enforcement of a trust filed by Anita Brown on July 29, 1965, and that in the event no parties request hearing or files such pleadings, then the Court would proceed to rule on the petition of enforcement of a trust, and none of counsel having requested such hearing or filed such pleadings, the petition of Anita Brown for enforcement of a trust is now considered by the Court and the rights of the parties are adjudged and decreed, all as per written Opinion, Findings of Fact and Conclusions of Law and Judgment of the Court on the petition of Anita Brown for enforcement of a trust."

The Court then entered its opinion, findings of fact and conclusions of law, and Judgment, adjudging that Anita Brown was entitled to have legal title to certain real estate and appointing a commissioner to make the conveyance.

Thereafter, on February 23, 1967, the appellants filed their motion for a new trial alleging as causes for a new trial the following:

"1. The court erred in overruling the defendant's motion for change of venue from the Court.

"2. The decision of the court is not sustained by sufficient evidence.

"3. The decision of the court is contrary to law."

It can be seen from the portion of the record hereinabove set out, that the record is silent on the precise reason for the trial judge's ruling on the application for change of judge. He merely states that the application is overruled "as not being within the restrictive provisions of Rule 1-12B of the Indiana Supreme Court." We cannot guess at the Court's reason, and neither can we go outside of the record to determine his reasons for overruling the application for change of judge. For the purpose of the appeal in the court in which the appeal is taken, the transcript of the record imports absolute verity, and the Court to which the appeal is taken can receive no information as to the proceeding in the court below except from the transcript of the record. Wiltrout, Indiana Practice, Vol. 3, Sec. 2603, p. 322, and cases cited therein.

It is firmly established that on a proper application therefor, a change of judge must be granted, and where the application is verified and is based on bias, prejudice or interest of the judge, the court has no discretion in the matter but is required to grant the change. *Fidelity and Casualty Company of New York v. Carroll* (1917), 186 Ind. 633, 117 N. E. 858; *Starr v. Gary* (1934), 206 Ind. 196, 188 N. E. 775; *State ex rel George, Etc. v. Dean, Special Judge* (1935), 209 Ind. 276, 198 N. E. 792; *State ex rel Johnson v. Cody, Judge*, (1937), 212 Ind. 247, 8 N. E. 2d 971.

The verified application for change of judge filed by the Appellant Georgia Voorhis Harding alleged as reason therefor "On account of the bias and prejudice of said judge against this affiant. . . .". From the record it appears that

the application for change of judge was timely filed, alleged a good and sufficient reason therefor, and we are therefore of the opinion that after the same was filed the judge no longer had jurisdiction in the case to do anything but grant the application for change of judge. However, the court overruled the application and proceeded to make findings of fact, conclusions of law, and enter judgment in the case. We are of the opinion that this constituted error.

We are further of the opinion that the appellant's proper remedy would have been an original action for an alternative writ of mandate and prohibition against the trial judge to mandate him to grant the application for change of venue, expunge his findings of fact, conclusions of law, and judgment from the record, and to prohibit him from exercising any further jurisdiction in the case.

However, the appellants chose as their remedy an appeal to this Court, which could have granted them relief on the basis of the trial judge's error as set out above, had the appellants perfected their appeal within the time allowed by Rule 2-2 of the Rules of the Supreme Court of Indiana.

On January 25, 1967, the trial court entered its judgment. Thereafter on February 23, 1967, appellants filed their motion for a new trial which was overruled by the court on June 13, 1967. The transcript was filed in this Court on August 29, 1967.

The record is silent as to whether there was ever any hearing in this cause on the Petition for the Enforcement of Trust; as to whether any of the parties were notified that the trial judge intended to make his ruling on January 25, 1967, and as to whether any of the parties were present in court, in person or by counsel, when the trial judge made his ruling and entered his judgment.

A motion for a new trial is not appropriate where there has been no trial, and such motion presents nothing for

review. Wiltrout, Indiana Practice, Vol. 2, Sec. 1774, p. 545; *Meier v. Social Security Administration, et al.* (1957), 237 Ind. 421, 146 N. E. 2d 239; *Dawson et al. v. Wright, Mayor of City of Anderson, et al.* (1955), 234 Ind. 626, 129 N. E. 2d 796. Because the motion for new trial was not appropriate, it did not operate to extend the time in which to perfect the appeal. Wiltrout, Indiana Practice, Vol. 3, Sec. 2475 (7); *Joyner, Etc. v. Housing Authority of City of Gary, Indiana, et al.* (1959), 130 Ind. App. 167, 162 N. E. 2d 685.

The appeal was required to be perfected within ninety days after the entry of judgment, or on or about April 25, 1967. However, the transcript was not filed until August 29, 1967. The failure to perfect an appeal from a final judgment within ninety days, or within the time properly extended by order of the court to which the appeal is made, fails to give this Court jurisdiction of the appeal, and we have no choice but to dismiss the appeal. *Joyner, Etc. v. Housing Authority of City of Gary, Indiana, et al., supra; Dawson v. Wright, Mayor* (1955), *supra*.

For all of the above and foregoing reasons, we must sustain the Appellees' Motion to Dismiss heretofore filed in this cause.

Appeal dismissed, costs v. appellants.

Lowdermilk, P.J., Carson, J., concur.

Sullivan, J., dissents with opinion.

### DISSENTING OPINION

SULLIVAN, J.—I must respectfully dissent from the majority opinion. Basically, the cause appealed presents two questions. First: Was appellant Harding's motion for change of judge timely filed? Second: Was appellants' appeal timely perfected?

I concur with the conclusion of my associates that the motion for change of judge was timely filed but since such conclusion is dictum, its reasoning need not be considered here.

With reference to the basic question concerning the propriety of a motion for new trial in this cause, it is readily conceded that such motions have been held inappropriate where there has been no trial. *Meier v. Social Security Administration* (1957), 237 Ind. 421, 146 N. E. 2d 239; *Aldridge v. Aldridge* (1968), 143 Ind. App. 529, 233 N. E. 2d 781. The difficulty with this general rule is that in practice there is no uniformly applicable definition of a "trial".

In Indiana, a "trial" is defined generally as follows:

"The trial is a judicial examination of the issues, whether by law or of fact, in an action," Acts 1881 (Spec. Sess.), ch. 38, § 371, p. 240, Burns' (1968 Repl.), Section 2-1901,

and it has been held that there was no trial in the following situations: When judgment has been entered on default, *State ex rel. Hobbs v. Claycombe, Judge* (1954), 233 Ind. 247, 118 N. E. 489; where judgment was entered upon failure to plead over after the court sustained a demurrer, *Joyner v. The Housing Authority of the City of Gary* (1959), 130 Ind. App. 167, 162 N. E. 2d 685 and *Schneidt v. Schneidt* (1919), 69 Ind. App. 666, 122 N. E. 588; but see *Louisville, New Albany & Chicago Railway Co. v. Reynolds* (1889), 118 Ind. 170, 20 N. E. 711; where there is a dismissal of the cause, *Meier v. Social Security Administration, supra;* where a motion for summary judgment has been sustained, *Aldridge v. Aldridge, supra;* and where the trial judge died before entering required findings and conclusions thereby voiding the trial proceedings, *Dawson v. Wright, Mayor* (1955), 234 Ind. 626, 129 N. E. 2d 796.

I feel that the cases last above cited, being those relied upon by Appellee Brown, some of which are cited in the majority opinion, are readily and properly distinguishable from

the factual situation here presented. The trial court below considered, in addition to the Petition of Appellee, the pleadings, briefs and decree in a *different* (though related) action in a *different* court. It did so in making its 19 page "Findings of Fact, Conclusions of Law and Judgment". Other than the Petition, the matters thus considered were not offered by any party to the adversary proceedings. Such matters were therefore before the court only in the form of extrajudicially acquired "evidence". Since the Court below quite clearly and unmistakably examined the issues both legally and factually, it conducted a "trial". See Burns' § 2-1901, *supra.*

In any event, where it is uncertain whether trial court proceedings are or are not a "trial", the party desiring appellate review must, according to the majority, either be clairvoyant as to the correct choice of procedure or run the risk of precluding such review. In *State v. Allison* (1956), 235 Ind. 294, 133 N. E. 2d 469, and *Bahar v. Tadros* (1955), 125 Ind. App. 457, 126 N. E. 2d 791 (cited in the majority opinion), the proceedings were held to be a trial and the appeals were dismissed by reason of appellants' failure to file motions for new trial. See also, *Farmers Loan & Trust Co. v. Manning* (1968), 142 Ind. App. 519, 236 N. E. 2d 52 (rehearing denied) ; whereas in *Aldridge v. Aldridge, supra,* the proceedings were held not to constitute a trial and appellant erroneously filed a motion for new trial causing the time to expire for perfecting his appeal. The dilemma is especially apparent in the instant case since the trial court overruled the petition for change of judge and entered its decision and judgment on the same day.

In *Zumpfe v. Piccadilly Realty Company* (1938), 214 Ind. 282 at 287, 13 N. E. 2d 715, the Supreme Court elaborated upon the general definition of a "trial" with reference to Motions for new Trial when it said:

"It is not necessary, to justify a motion for a new trial, that the issues be formed by a complaint and a demurrer,

or by a complaint and answer. There has been a trial, in contemplation of the statute authorizing a new trial, when there has been a 'judicial examination of the issues, whether of (sic) law or of fact, in an action.' "

In this connection it is important to note that the primary purpose of a motion for new trial is to permit the trial court to correct its own errors, if any, and only incidentally does such motion constitute an essential precedent to appellate review. Additionally, it may be stated as a well-recognized policy that, where possible, all causes on appeal should be decided upon their merits with increasing regard for the substance of the law in precedence to ritualistic form. *Starkie v. State* (1943), 113 Ind. App. 589, 49 N. E. 2d 968; *Security Savings & Loan Ass'n. v. Morgan* (1939), 106 Ind. App. 437, 20 N. E. 2d 707.

I think it unnecessary and perhaps unwise to make such sweeping changes as in at least one other jurisdiction. See *Carney v. Simmonds* (1957), 49 Cal. 2d 84, 315 P. 2d 305, as noted in 10 Stanford Law Review 581. It is appropriate and desirable, however, to foster substantive review by trial courts without blind adherence to formalistic requirements. See *Indiana & Michigan Electric Co. v. Louck* (1962), 243 Ind. 17, 181 N. E. 2d 855. A litigant should not be required to claw his way through an uncharted procedural morass merely to obtain review of trial court action. Compare *Newton v. Vincennes University* (1968), 142 Ind. App. 391, 235 N. E. 2d 84.

By reason of the foregoing, I believe that Appellee's Motion to Dismiss should be overruled and that the Court should, upon the merits, reverse and remand the cause with instructions to expunge its Findings, Conclusions and Judgment and to grant Appellant Harding's Motion for Change of Judge.

NOTE.—Reported in 247 N. E. 2d 536.