**INDIANA & MICHIGAN ELECTRIC COMPANY, an Indiana Corporation, Plaintiff-Appellant,**

v.

**Leon A. POUNDS, Juanita S. Pounds, Defendants-Appellees.**

**No. 1–1180A323.**

Court of Appeals of Indiana, Fourth District.

Nov. 30, 1981.

---

Thomas W. Yoder, Grant F. Shipley, Livingston, Dildine, Haynie & Yoder, Fort Wayne, for plaintiff-appellant.

Jack R. Robinson, Rockport, John R. Werner, Cannelton, for defendants-appellees.

ON PETITION FOR REHEARING

CONOVER, Judge.

Appellees Leon and Juanita Pounds petition for rehearing on a decision handed down by this court on September 15, 1981, and published at 426 N.E.2d 45 (Ind.App.). In that decision, we ruled against the Pounds, holding it was reversible error for the trial court to deny discovery of a prior purchase price where there was no showing the information would not lead to admissible evidence and was error to grant a motion in limine where there was no showing of prejudice. We also held it was error to exclude scientific evidence merely on the basis of non-conformance with an immaterial testing procedure.

We deny the petition for rehearing. However, we find it necessary to address the Pounds' contention our opinion was based on a misinterpretation of the course of the proceedings and on an incomplete record. Apparently a great deal occurred at a pre-trial conference which would have clarified the manner in which this case proceeded to trial.

Although the record in this case is 865 pages long, we can find nothing about the pre-trial conference. We have no doubt such a conference occurred at which the question of discovery and the motion in limine were discussed. However, for purposes of appeal, the reviewing court can receive no information as to the proceedings in the court below except from the transcript of the record. *Harding v. Brown*, (1969) 144 Ind.App. 528, 247 N.E.2d 536. Statements of parties or counsel, whether verified or unverified, are not available to dispute a record on appeal, or to supply any matter not therein disclosed. *Browne v. Blood*, (1964) 245 Ind. 447, 199 N.E.2d 712.

What was argued at a pre-trial conference is of no use to us unless made a part of the record.

The Pounds take exception with our statement of the facts on three points:

"First, the plaintiff-appellant, Indiana & Michigan Electric Company ('I&M'), did not file any motion to compel. The Pounds declined to answer questions re-

garding the purchase price at their depositions and the questions were then certified to the trial court without any motion (Tr. p. 228). Second, the affidavit of Russell Hack was filed in response to the certified questions and in support of the motion in limine. Third, the motion in limine was not filed as a response to the certified question but as a separate matter."

We have re-examined the record and find the unanswered questions in the deposition were certified to the court for a ruling as to whether the deponents should be required to answer. The trial court clearly treated the matter as a motion to compel discovery. In the trial court's own words:

"The Court having had under advisement the defendant's motion in limine, and plaintiff's questions certified upon refusal to answer on deposition, the court now grants the motion in limine and overrules the *motion to compel* answer to questions on oral deposition." (emphasis added)

The record further indicates that upon publication of the deposition and certification of the unanswered questions, the Pounds filed a motion in limine attached to an affidavit by Russell Hack. A motion in limine is clearly not responsive to a request for discovery.

 The Pounds now tell us the Hack affidavit was filed not only to support the motion in limine but also as a response to the discovery issue. Moreover, the motion in limine was not in response to the discovery issue but was a separate matter altogether. All of this, of course, was made clear to the trial court in an off-the-record, pre-trial conference where the motions were argued. None of this was made a part of the record. While we greatly encourage the use of pretrial conferences pursuant to Ind. Rules of Procedure, Trial Rule 16, it is well to note a pre-trial conference without a pre-trial order creates no record on appeal.

On the face of the published record before us, nothing indicates the Hack affidavit was in response to I&M's effort to compel discovery. The discovery issue was neither addressed nor argued in any discernible manner on the record and we necessarily conclude our statement of the facts corresponds with the record.

The Pounds filed a Petition for Rehearing and a pleading entitled "Motion for Addition to the Record" which cites us to Ind. Rules of Procedure, Appellate Rule 7.2(C), requesting us to "order the trial court to correct the omission and certify and transmit a supplemental record." We believe the Pounds are asking us to issue a writ of certiorari to the trial court to send up omitted portions of the record. We will not do so because our decision already has been made upon a record importing "absolute verity."

A rehearing will not be granted so that the record may be amended. *Davidson v. Davidson*, (1950) 120 Ind.App. 253, 256, 91 N.E.2d 796, 797; *Utterback v. State*, (1973) Ind.App., 302 N.E.2d 514, 518–519, 2 I.L.E. *Appeals*, ¶ 321, p. 155.

The motion is overruled and petition for rehearing denied.

MILLER, P. J., and YOUNG, J., concur.